IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

H.A., by her mother Jennifer Jacobson,

                Plaintiff,                       OPINION & ORDER

    v.

                                       20-cv-674-wmc

THE CUBA CITY SCHOOL DISTRICT,

                Defendant.

On July 22, 2020, plaintiff minor H.A., by her mother Jennifer Jacobson, filed this lawsuit alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* and § 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Specifically, plaintiff, who is autistic, alleged various discriminatory acts during the 2018-2019 school year. Defendant answered the complaint and filed a motion for judgment on the pleadings, arguing that plaintiff's claims actually fall under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  (Dkt. #9.)  Since the IDEA requires plaintiff to have administratively exhausted her claim before filing a civil lawsuit, which she did not, defendant argues her claim is barred.

While that motion was pending, the parties engaged in settlement discussions with Clerk of Court and Magistrate Judge Peter Oppeneer and ultimately reaching a settlement. Because this lawsuit concerns the rights of a minor, plaintiff, through her mother and her mother's counsel, now seeks approval of the settlement under Wisconsin Statute § 807.10(1).  (Dkt. #17.)  The court held a telephonic hearing on plaintiff's motion on August 6, 2021, at which plaintiff appeared by counsel Paul Kinne and her mother Jennifer

Jacobson and defendant appeared by its counsel, Lori Lubinsky.  For the reasons stated on the record and as follows, the court will grant its approval and direct dismissal of this lawsuit consistent with the terms of the parties' settlement agreement.

## OPINION

Wisconsin Statute § 807.10(1) provides that a "settlement of an action or proceeding to which a minor . . . is a party may be made by the guardian, if the guardian is represented by an attorney, or the guardian ad litem with the approval of the court in which such action or proceeding is pending."  Here, the parties seek to settle this action through the former option, which the court will allow as Jennifer Jacobson is the parent and guardian to the minor beneficiary and is represented by counsel.

Under the terms of the settlement agreement, plaintiff will release her claims in exchange for $49,000.00, with the proceeds being disbursed as follows:

- $19,600.00 (40%) for attorney's fees

- $444.25 for costs

- $28,955.75 payable to minor

Plaintiff proposes that the funds payable to H.A. "would be put in an FDIC insured bank account with instructions that withdrawal is prohibited without court approval except upon documented proof presented to the financial institution of payment made by Jennifer Jacobson on H.A.'s behalf for medical or educational expenses."  (Pl.'s Pet. (dkt. #17) ¶ 10.)  The petition also contemplates that "[a]ny assets remaining in H.A.'s account as of H.A.'s 21st birthday will be distributed to her in full."  (*Id.* ¶ 11.)

In determining whether to approve a minor settlement, the Wisconsin Legislature provides no specific guidance as to what factors should be considered. Instead, this court is to determine generally whether "the proposed distribution of settlement proceeds are fair and reasonable and in the best interests of [the minor]." *In re Glaser*, No. 05CV1319, 2005 WL 2491542, at *1 (Wis. Cir. Ct. Dane Cty. Apr. 25, 2005).

Counsel for plaintiff and her mother both aver that the total settlement is in the minor's best interest given the dispute "about [d]efendant's liability and the extent of Minor's damages," and that "litigation would involve additional expense and uncertainty." (Pl.'s Pet. (dkt. #17) ¶ 9; Kinne Decl. (dkt. #18) ¶ 8 (noting that IDEA complicates plaintiff's ADA and Rehabilitation Act claims); Jacobson Decl. (dkt. #19) ¶ 4 (agreeing that settlement plan is in the best interest of her daughter H.A.).) Given the averments of plaintiff's counsel and her mother, coupled with the legal uncertainty as to both the merits of plaintiff's claims under the ADA and Rehabilitation Act and the extent of her damages, the court concludes that the decision to settle her claims and the total amount of the settlement appears reasonable and in her best interests. Moreover, the court concludes that the plan to maintain the minor's proceeds in an account for use for educational and medical expenses with any balance distributed to her on her 21st birthday also appears to be reasonable and in her best interests.

The one sticking point with the settlement plan, as is often the case, is the amount allocated to attorney's fees. While the court commonly approves minor settlements with attorneys' fee awards of approximately 33% of the total settlement, here, plaintiff's counsel seeks 40%. In support of this request, counsel offers three request: (1) the hourly value

of the time plaintiff's counsel has spent on this case is $32,450, as displayed in the time records attached to his declaration, which actually exceeds the requested amount by about $13,000; (2) the fee agreement, which plaintiff's counsel has since filed under seal, calls for a fee of 40 percent of the gross recovery, plus payment of the out-of-pocket expenses out of the recovery"; and (3) 40% is "common for civil rights and employment cases, as opposed to the 33 percent typical in personal injury cases," because motions for summary judgment are more common in the former cases. (Kinne Decl. (dkt. #18) ¶¶ 3-7.) Counsel also notes that plaintiff's mother has no objection to the award (*id.* ¶ 10), which her own declaration confirms. (Jacobson Decl. (dkt. #19) ¶ 3).

Ordinarily, the court would push back on a fee award of 40% on a matter that resolved before trial, much less summary judgment. *See, e.g.*, *Estate of Mohammed, LLC.*, No. 16-cv-651-wmc, 2018 WL 522345, at *2-3 (W.D. Wis. Jan. 23, 2018). However, the combination of plaintiff's entering into a contingency agreement expressly authorizing a higher award if the actual hourly value of counsel's time exceeded 40% and the fact that the hourly value did substantially exceed 40% is enough for the court to comfortably approve a fee request of 40% as reasonable here, especially with the express support of plaintiff's mother.

ORDER

IT IS ORDERED that plaintiff's motion to approve the minor settlement agreement and distribution of proceeds (dkt. #17) is GRANTED consistent with the opinion above. Accordingly, the clerk of court is directed to CLOSE this case.

Entered this 6th day of August, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5